NITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **TERESA A. LOUDERMILK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.            ) | **Case No. 04-CV-2031** |
| ) | |
| **NORMAN NEIL BROWN, M.D., and** ) | |
| **CARLE CLINIC ASSOCIATION, a** ) | |
| **Professional Corporation,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

This case is currently set for a jury trial on April 10, 2006. A status conference is scheduled for November 18, 2005, at 9:00 a.m. This case is before the court for ruling on Defendants' Request for Ruling on Objection to Question Posed during Evidence Deposition of Dr. Enrique Bouffard (#77). This court has carefully considered the arguments presented by the parties and the documents submitted by the parties. Following this careful review, Defendants' Objection is overruled. Defendants' additional request that, if the objection is overruled, this court allow additional time for discovery is DENIED.

## FACTS

On February 23, 2004, Plaintiff, Teresa A. Loudermilk, filed her Complaint (#1) against Defendants, Norman Neil Brown, M.D. and Carle Clinic Association. Plaintiff alleged that Defendants were liable for medical malpractice and that this court has jurisdiction over this matter based upon diversity jurisdiction.

On May 4, 2004, Plaintiff made her initial disclosure pursuant to Local Rule 26.1(a)(1). In this disclosure, Plaintiff identified Enrique Bouffard, M.D., as a person reasonably likely to have information that bears significantly upon the claims and defenses. In this disclosure, Plaintiff stated that "Dr. Bouffard has knowledge regarding x-rays taken of Plaintiff on August 4, 1999. Dr.

Bouffard is a radiologist." Plaintiff also stated that "Dr. Bouffard will testify with respect to interpretation of x-ray films taken of Teresa Loudermilk's abdomen on August 4, 1999, and taken to Defendant, Norman Neil Brown, M.D., for his review on August 5, 1999." Defendant also received a copy of Dr. Bouffard's report regarding his interpretation of the x-ray films.

On January 18, 2005, Plaintiff made a timely disclosure pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure. Plaintiff disclosed persons who may be used at trial to present evidence under Rule 702, 703, or 705. Plaintiff disclosed Enrique Bouffard, M.D., as one of these persons. Plaintiff also disclosed two expert witnesses who had been retained or specially employed to provide expert testimony in this case and stated that she had attached a copy of the report prepared by each of these experts.

On October 21, 2005, a videotaped deposition of Dr. Bouffard was taken for use at trial. During the deposition, Dr. Bouffard identified Exhibits 13 through 17 as the x-rays of Plaintiff's abdomen which were taken on August 4, 1999. Dr. Bouffard noted that the x-rays showed a catheter or shunt. This was consistent with Dr. Bouffard's report, which noted the presence of a shunt and discussed the location of the shunt. Plaintiff's counsel asked the following question:

> Q. Doctor, I want you to assume that the evidence in this case is that the tip of the catheter was placed in the intrathecal space in the lumbar spine on July 23, 1999. Is - - strike that.
>
> Are Exhibits 13 through 17 diagnostic for whether the tip of the catheter is, on August 4, 1999, in the intrathecal space?

Defendants' counsel objected to this question. He stated:

> This is not a disclosed opinion. He's already testified as to the purpose and his interpretation. This was not disclosed, so I'll object to this testimony.

Dr. Bouffard then answered the question, "No." When asked to explain his answer by Plaintiff's counsel, Dr. Bouffard stated "I see the catheter transversely along the main abdomen going to the right side, which I did describe with a few coils, and the tip appears to be on the right lower quadrant." Plaintiff's counsel asked Dr. Bouffard to circle, on the x-ray, where he believed the tip of the catheter was and Dr. Bouffard stated, "This is most likely overlying the right lower quadrant."

## ANALYSIS

On October 27, 2005, Defendants filed their Request for a Ruling on their Objection (#77). Defendants also filed a Memorandum in Support (#78), a copy of the transcript of the videotaped deposition and other exhibits. Defendants have asked this court to strike the questions and answers set out in this Opinion, as well as some prior questions and answers which were not objected to. Defendants argue that Dr. Bouffard's deposition testimony regarding the location of the catheter should be stricken because these opinions were not disclosed by Plaintiff. Defendants argue that Dr. Bouffard's testimony on the matter was not derived from his care of Plaintiff nor developed during his interpretation of the x-ray films and therefore contend that Dr. Bouffard's opinion should have been disclosed pursuant to Rule 26(a)(2)(B). In the alternative, if this court does not strike the testimony and allows the evidence to be presented, Defendants requested that the scheduling order entered in this case be modified to allow them to prepare contrary evidence.

On November 4, 2005, Plaintiff filed her Response to Defendants' Request (#79), a Memorandum in Support (#85), and various Exhibits (#80, #81, #82). Plaintiff argued that Dr. Bouffard was disclosed as a Rule 702 witness who would testify with respect to his interpretation of x-ray film taken of Plaintiff on August 4, 1999. Plaintiff argued that it is clear that, in his deposition, Dr. Bouffard testified with respect to that interpretation. Plaintiff contended that Dr. Bouffard testified to matters that were within the scope of his "treatment" of Plaintiff and did not testify with respect to any matters outside the scope of his treatment or the interpretation of the x-

3

rays. Plaintiff argued that, accordingly, Dr. Bouffard is not an expert whose opinions are subject to the disclosure requirements of Rule 26(a)(2)(B). This court agrees with Plaintiff's argument.

In <u>Musser v. Gentiva Health Servs.</u>, 356 F.3d 751, 756 (7th Cir. 2004), the Seventh Circuit made clear that <u>all</u> witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A). Therefore, the Seventh Circuit confirmed that, under Rule 26, even treating physicians must be disclosed as experts. <u>Sallenger v. City of Springfield</u>, 2005 WL 2001502, at *13 (C.D. Ill. 2005), <u>citing</u> <u>Musser</u>, 356 F.3d at 758. In this case, there is no dispute that Dr. Bouffard was properly disclosed as an expert witness by Plaintiff under Rule 26(a)(2)(A). Therefore, Dr. Bouffard's testimony cannot be stricken based upon a failure to disclose him as an expert witness, because he was so disclosed.

Defendants, however, argue that the testimony it objected to must be stricken because this opinion of Dr. Bouffard was not disclosed as required by Rule 26(a)(2)(B). The Seventh Circuit in <u>Musser</u> stated that it did not need to reach the issue "of whether an individual who serves in the capacity of 'treating physician' (or any analogous position) may nonetheless be required to submit a report under Rule 26(a)(2)(B)." <u>Musser</u>, 356 F.3d at 758 n.3. The court stated, however, that it "is clear that there is some expert testimony in the nature of the treating physician's testimony that does not require a report." <u>Musser</u>, 356 F.3d at 758 n.3.

This district has held that a treating physician may offer opinion testimony on causation, diagnosis, and prognosis without the prerequisite of providing a Rule 26(a)(2)(B) report. <u>McCloughan v. City of Springfield</u>, 208 F.R.D. 236, 242 (C.D. Ill. 2002). In <u>McCloughan</u>, United States District Judge Richard A. Mills agreed with other districts which held that treating physicians are not subject to the strict disclosure requirements of Rule 26(a)(2)(B), noting that "a physician does not need to submit an expert report if planned testimony was acquired, 'not in preparation for trial, but rather because he was an actor or viewer with respect to transactions or occurrences that

4

are a part of the subject matter of the lawsuit.'" McCloughan, 208 F.R.D. at 240-41, quoting Bucher v. Gainey Transp. Serv. of Ind., Inc., 167 F.R.D. 387, 390 (M.D. Pa. 1996). Other district courts have also held that, because treating physicians are not retained or specially employed for trial, they need not submit a report under Rule 26(a)(2)(B). See Osuji v. City of Chicago, 2005 WL 1799277, at *6 (N.D. Ill. 2005); Martin v. CSX Transp., Inc., 215 F.R.D. 554, 557 (S.D. Ind. 2003); see also Zurba v. United States, 202 F.R.D. 590, 592 (N.D. Ill. 2001) ("it is only when the treating physician gives opinions beyond the scope of his own observation and treatment that he is considered a 'retained' expert for purposes of Rule 26(a)(2)"). This court agrees with the reasoning of these cases and therefore concludes that Plaintiff fully complied with Rule 26 when she disclosed Dr. Bouffard as an expert. All of Dr. Bouffard's testimony related solely to his observations and interpretation of Plaintiff's x-rays which were taken during the course of her treatment. Accordingly, Plaintiff did not need to submit a report setting out Dr. Bouffard's opinions, so there is no basis to strike any of his testimony as not properly disclosed.

This court recognizes that some district courts have held that treating physicians must submit an expert report if the physician is going to testify as to issues such as causation. See Sowell v. Burlington N. & Santa Fe Ry. Co., 2004 WL 2812090, at *6-7 (N.D. Ill. 2004); Zarecki v. Nat'l R.R. Passenger Corp., 914 F. Supp. 1566, 1573 (N.D. Ill. 1996). However, in Sowell, the court concluded that an expert report was not required "when a treating physician's testimony is limited to the physician's observations, diagnosis and treatment of a party." Sowell, 2004 WL 2812090, at *6. As noted, Dr. Bouffard's testimony was based solely upon his observations. Therefore, even under Sowell, no report was required here.

This court also agrees with Plaintiff that there is no basis for allowing Defendants additional time to disclose experts, more than seven months after their deadline for disclosing experts. This court concludes that Defendants cannot legitimately claim surprise that Dr. Bouffard gave testimony

5

regarding his observations regarding the x-rays taken of Plaintiff.

       IT IS THEREFORE ORDERED THAT:

       (1) Defendants' Request for Ruling on Objection to Question (#77) is GRANTED.

       (2)  This court has carefully reviewed the transcript of the videotaped deposition of Enrique V. Bouffard, III, and overrules the objection posed by Defendants at the deposition.  Accordingly, the deposition may be used in its entirety at trial.

       (3)  Defendants' alternative request for additional time for discovery is DENIED.

       ENTERED this 16th day of November, 2005

       **s/ Michael P. McCuskey**
       MICHAEL P. McCUSKEY
       CHIEF U.S. DISTRICT JUDGE