UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TERESA A. LOUDERMILK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04-CV-2031 |
| ) | |
| NORMAN NEIL BROWN, M.D., and ) | |
| CARLE CLINIC ASSOCIATION, a ) | |
| Professional Corporation, ) | |
| ) | |
| Defendants. ) | |

## **OPINION**

This case is before the court for ruling on numerous pre-trial motions filed by the parties. This court has carefully considered the arguments made by the parties and now makes the following rulings.

DEFENDANTS' MOTIONS

I. SECOND MOTION IN LIMINE

On February 2, 2006, Defendants, Norman Neil Brown, M.D. and Carle Clinic Association, filed their Second Motion in Limine (#102). In this Motion, Defendants asked this court to enter an Order barring: (1) witnesses from the courtroom during trial; (2) any reference that any of Defendant's opinion witnesses have been a defendant in any medical negligence matter; (3) reference to tort reform or medical malpractice crisis; (4) evidence of the wealth or poverty of Plaintiff or Defendants; and (5) Plaintiff's opinion witnesses from testifying outside their disclosed opinions and from extending the bases of their opinions beyond those expressed in the disclosures or depositions.

Plaintiff, Teresa A. Loudermilk, filed her Response (#135) on February 13, 2006. Plaintiff stated that she has no objection to Defendants' first four requests. Plaintiff argued, however, that the fifth request should be denied because the request does not have "sufficient specificity" to

support an Order in limine. This court concludes, however, that Defendants' request is reasonable based upon Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

Accordingly, Defendants' Second Motion in Limine (#102) is GRANTED.

## II. THIRD MOTION IN LIMINE

On February 2, 2006, Defendants also filed their Third Motion in Limine (#121). In this Motion, Defendants argued that Plaintiff should be barred from making any claim for medical, rehabilitation or similar expenses which resulted from any acts of negligence on the part of Defendants. In support of this request, Defendants stated that, in response to discovery requests, Plaintiff has not provided any bills or invoices documenting any such expenses. Defendants argued that "Plaintiff has failed to produce any bills which she claims to be related to any acts of negligence of these Defendants and, therefore, should be barred from making any claim for any bills incurred to date." Plaintiff has not filed a response to this Motion and this court, therefore, assumes there is no opposition.

Accordingly, Defendants' Third Motion in Limine (#121) is GRANTED.

## III. MOTION TO HAVE DR. BROWN TESTIFY OUT OF ORDER

On February 2, 2006, Defendants filed a Motion to Have Dr. Brown Testify Out of Order (#123). Defendants stated that the trial in this case is scheduled for two weeks beginning April 10, 2006. Defendants further stated that Defendant Brown is employed in a neurosurgery practice in Ft. Lauderdale, Florida, and cannot attend both weeks of trial. Defendants stated that Brown plans to attend the first week of trial but cannot be away from his active practice for the second week. Defendants asked this court to allow Brown to complete all of his testimony if he is called by Plaintiff as an adverse witness or, in the alternative, that Defendants be allowed to call him out of order to complete his testimony during the first week of trial.

On February 13, 2006, Plaintiff filed her Response (#134) to this Motion. Plaintiff stated

that she has no objection to Defendants' Motion and to Brown being absent after his testimony is completed during the first week of trial. However, Plaintiff stated that it may be necessary to call him as a witness in rebuttal or to clarify testimony offered by Defendants in Defendants' case-in-chief.

Accordingly, Defendants' Motion to Have Dr. Brown Testify Out of Order (#123) is GRANTED. Defendant Brown will not be required to be present during the second week of trial. If Plaintiff wishes to call Brown as a rebuttal witness during the second week of trial, she will need to give Defendants notice of her intention and establish to this court's satisfaction that his testimony is required.

PLAINTIFF'S MOTIONS

I. MOTIONS IN LIMINE

Incredibly, Plaintiff filed 18 separate motions in limine (#103, #104, #105, #106, #107, #108, #109, #110, #111, #112, #113, #114, #115, #116, #117, #118, #119, #128). On February 10, 2006, Defendants filed their Response (#131) to the Motions in Limine and a Memorandum in Support (#132). Defendants did not object to 12 of Plaintiff's Motions, so those Motions (#103, #104, #105, #106, #108, #109, #110, #111, #112, #113, #114, #115) are hereby GRANTED. In those Motions, Plaintiff requested an Order barring: (1) witnesses from the courtroom during trial; (2) any reference that any of Plaintiff's expert witnesses have been a defendant in a medical malpractice case; (3) any reference to the fact that any award Plaintiff may receive is not subject to federal or state income tax; (4) any reference to the fact that Plaintiff may ask for a greater amount than she actually expects to receive; (5) any reference to social security or welfare benefits; (6) any reference to settlement discussions; (7) any reference, argument or questioning concerning "stream of income" or how Plaintiff could invest money awarded to her; (8) any reference to "malpractice crisis," "tort reform," or the effect a verdict for Plaintiff could have on Defendants, health care costs or the health care

profession; (9) any reference that any Defendant was told by some other physician or health care provider that Plaintiff's injury was not the fault of the Defendant; (10) any argument that Defendants' professional or personal reputations are at stake; (11) any comment that Plaintiff's case or damage request places a burden on the public; and (12) any argument that it is Plaintiff's burden to demonstrate that "but for" Defendants' negligence, there would be no injury.

Defendants have objected to Plaintiff's remaining Motions in Limine, which will be addressed in turn.

In Plaintiff's Motion in Limine No. 5 (#107), Plaintiff asked this court to enter an Order barring any reference that Plaintiff's medical bills were paid or may be paid in the future by insurance or another collateral source. In their Response, Defendants argue that, based upon their Third Motion in Limine, Plaintiff should be barred from making any reference to any medical bills or expenses. This court agrees with Defendants' argument and, therefore, finds Plaintiff's Motion in Limine No. 5 (#107) MOOT.

In Plaintiff's Motion in Limine No. 14 (#116), Plaintiff asked this court to enter an Order barring Defendants from suggesting to the jury that some other cause was the sole proximate cause of Plaintiff's injury. Defendants object to this request and argue that Plaintiff has a pre-existing condition of pseudotumor cerebri which may be the cause for the alleged injury. Defendants argue that testimony from Dr. Brown, Dr. Chicoine, Dr. Custer, Dr. Long, and Dr. Corbett "will show that the course of the condition of pseudotumor cerebri is unpredictable and that loss of vision can occur regardless of care and treatment." Defendants further point out that they disclosed to Plaintiff that Dr. Brown may testify about the potential effects of Plaintiff's lack of compliance, in terms of attending appointments, taking medications and reporting to her physicians as a proximate cause of her ultimate condition.

This court notes that Plaintiff has provided no argument on this point and the only case cited

has been overruled by the Illinois Supreme Court. Therefore, this court agrees with Defendants that Plaintiff's request must be denied. Accordingly, Plaintiff's Motion in Limine No. 14 (#116) is DENIED.

In Plaintiff's Motion in Limine No. 15 (#117), Plaintiff asked this court to enter an Order barring any evidence or comment that some patients spontaneously lose vision, regardless of treatment or care. Plaintiff contends that no opinion has been disclosed that Plaintiff is a patient who lost her vision spontaneously for reasons unknown and, therefore, allowing Defendants to present this evidence would "invite speculation." Plaintiff attached a copy of the disclosure of Defendants' expert, Dr. Marie Long, in which Dr. Long discusses Plaintiff's medical treatment and condition.

In their Response and Memoranda, Defendants argue that this request should be denied. Defendants contend that Dr. Long will testify about the condition of pseudomotor cerebri and that her testimony will be that the condition is unpredictable in its progress and loss of vision can occur even in those persons who have treatment. Defendants also note that Dr. Corbett will testify that it was inevitable that Plaintiff would lose her vision, regardless of treatments rendered. Defendants argue that the evidence regarding loss of vision as well as the condition of pseudomotor cerebri should be considered by the jury in order to determine the cause of the loss of vision and whether there were any deviations from standards of care.

This court agrees with Defendants that Plaintiff has not shown any basis for excluding this evidence and that it should properly be presented to the jury in this case. Accordingly, Plaintiff's Motion in Limine No. 15 (#117) is DENIED.

In her Motion in Limine No. 16 (#118), Plaintiff argues that this court should enter an Order and bar Dr. Brown "from testifying to any opinion regarding the success or failure of a shunt revision on or about August 6 or 7, 1999." In support of this request, Plaintiff attached a portion of

the transcript of Dr. Brown's deposition taken on December 20, 2001, during which Dr. Brown stated that he could not "predict" whether such a procedure would have saved Plaintiff's vision.

In their Response and Memoranda, Defendants argue that this request should be denied. Defendants argue that Dr. Brown's testimony that he could not "predict" does not preclude him from having opinions about Plaintiff's loss of vision after August 6 or 7, 1999. Defendants contend that Dr. Brown's testimony was that whether Plaintiff had a shunt revision or not on August 6 or 7, a prediction cannot occur regarding whether Plaintiff would still go on to lose vision. Defendants further note that Dr. Brown's testimony is consistent with the testimony of other witnesses that the condition is unpredictable.

This court concludes that, at this stage of the proceedings, Plaintiff has not shown that Dr. Brown should be barred from stating any of his opinions regarding this case. Accordingly, Plaintiff's Motion in Limine No. 16 (#118) is DENIED.

In her Motion in Limine No. 17 (#119), Plaintiff asserted that improper ex parte contacts occurred between Defendants' counsel and Dr. Patricia McNussen, a treating physician of Plaintiff who is a material witness in this case. This assertion is based upon the deposition of Dr. James Corbett, during which Dr. Corbett testified that Dr. McNussen told him she recommended him as an expert witness in this case. Plaintiff asks for various relief, including an order barring Defendants from cross-examining Dr. McNussen or calling her in their case-in-chief.

In their Response, Defendants stated that their attorneys fully recognize that ex parte contacts with a treating physician are precluded under Illinois law. Defendants further stated that no such improper contacts occurred. In support of this statement, Defendants attached the affidavits of John F. Watson and Stephen L. Corn. Both attorneys stated in their affidavits that they have not spoken to Dr. McNussen or had any personal contact with her other than during her discovery deposition taken during the pendency of the state court proceedings on December 19, 2001.

This court has absolutely no reason to doubt the unequivocal affidavits of Watson and Corn. Accordingly, this court concludes that no relief is required regarding Dr. McNussen. Plaintiff's Motion in Limine No. 17 (#119) is DENIED.

In her Motion in Limine No. 18 (#128), Plaintiff has asked this court to enter an Order barring Defendants from offering testimony or implying that any witness other than Dr. Brown or Dr. Bouffard reviewed or interpreted the August 4, 1999 abdominal films taken of Plaintiff. Plaintiff also asked this court to limit the testimony of Dr. Brown regarding his review of the abdominal films to that which he testified to in his deposition of December 21, 2001.

In their Response and Memorandum, Defendants have not objected to Plaintiff's request regarding witnesses other than Dr. Brown and Dr. Bouffard and acknowledge that they do not intend to elicit testimony regarding the interpretation of the x-ray films from retained expert witnesses. However, Defendants strenuously object to Plaintiff's request that Dr. Brown's testimony be limited. Defendants note that this court has already ruled that Plaintiff could present the testimony of Dr. Bouffard regarding his interpretation of the x-ray films without making a prior disclosure of this opinion. Defendants argue that the same ruling must be made regarding Dr. Brown because "he is the same type of witness as Dr. Bouffard."

This court agrees with Defendants that its analysis regarding Dr. Bouffard also applies to Dr. Brown. Accordingly, Plaintiff's Motion in Limine No. 18 (#128) is GRANTED in part and DENIED in part. Defendants have conceded that they will not elicit testimony regarding the interpretation of the x-ray films from retained expert witnesses. However, this court will impose no limitations on the testimony of Dr. Brown regarding the review or interpretation of the x-ray films.

## II. ADDITIONAL MOTIONS

### A. MOTION TO ALLOW SUPPLEMENTAL DEPOSITION

On February 13, 2006, Plaintiff filed a Motion to Allow Supplemental Deposition of Patricia McNussen, M.D. (#136). In this Motion, Plaintiff noted that Defendants' counsel filed affidavits stating that they did not have ex parte contacts with Dr. McNussen. Plaintiff's counsel argued, however, that it is his responsibility to protect Plaintiff from such contacts, whether they are direct or indirect. Plaintiff argues that, if this court denies her Motion in Limine regarding Dr. McNussen, she should be granted leave to do a supplemental deposition of Dr. McNussen on the subject of ex parte contacts.

On February 15, 2006, Defendants filed their Response to Plaintiff's Motion (#138). Defendants again assert that no such ex parte contacts occurred and argue there is no need for a supplemental deposition as "the issue is not relevant to any matter pending before the Court on the issues of liability or damages."

This court accepts the affidavits of Defendants' attorneys, as officers of the court. Accordingly, this court agrees with Defendants that no supplemental deposition of Dr. McNussen is necessary. Plaintiff's Motion to Allow Supplemental Deposition of Patricia McNussen, M.D. (#136) is DENIED.

B.  MOTION TO STRIKE

On February 13, 2006, Plaintiff filed a Motion to Strike the Purported Disclosure of Opinions Attributed to John J. Corbett, M.D. (#137). Plaintiff noted that Defendants attached a disclosure of the opinions of Dr. Corbett to their Response to Plaintiffs' Motions in Limine. Plaintiff argues that the disclosure attached by Defendants contains opinions that are not included in Dr. Corbett's letter report. Plaintiff asks this court to enter an Order striking the disclosure attached to Defendants' Response and providing that Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure will be enforced at the trial in this cause.

On February 16, 2006, Defendants filed their Response to Motion to Strike (#140).

Defendants stated that they attached a portion of their formal disclosure relating to Dr. Corbett and inadvertently failed to also attach a copy of Dr. Corbett's letter report. Defendants noted that, in comparing the disclosure to the letter report, it is not obvious that there are opinions expressed in one and not the other. Defendants further noted that Plaintiff was provided with both the formal disclosure and the letter report prior to the deposition of Dr. Corbett. Defendants argued that "[w]ith the Disclosure and letter report, the Plaintiff's counsel was more than adequately advised of the expected testimony of Dr. Corbett well in advance of the deposition." Defendants contended that no relief is warranted here because Plaintiff has not shown any prejudice or surprise.

This court agrees with Defendants. It appears that Plaintiff is attempting to cry "foul" over any perceived or imagined slight purportedly committed by Defendants. This court notes that it will not continue to entertain this type of baseless, unsupported claim. This court further notes that, at the status conference held on November 18, 2005, this court set a motion filing deadline of February 3, 2006. This court will not consider any additional motions filed after the filing deadline. Regarding this motion, this court cannot see any prejudice to Plaintiff based upon Defendants' attachment of a disclosure previously provided to Plaintiff. Accordingly, Plaintiff's Motion to Strike the Purported Disclosure of Opinions Attributed to John J. Corbett, M.D. (#137) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Second Motion in Limine (#102) is GRANTED.

(2) Defendants' Third Motion in Limine (#121) is GRANTED.

(3) Defendants' Motion to Have Dr. Brown Testify Out of Order (#123) is GRANTED. Defendant Brown will not be required to be present during the second week of trial. If Plaintiff wishes to call Brown as a rebuttal witness during the second week of trial, she will need to give Defendants notice of her intention and establish to this court's satisfaction that his testimony is required.

(4)  Plaintiff's Motions in Limine (#103, #104, #105, #106, #108, #109, #110, #111, #112, #113, #114, #115) are GRANTED.

(5)  Plaintiff's Motion in Limine No. 5 (#107) is MOOT.

(6)  Plaintiff's Motion in Limine No. 14 (#116) is DENIED.

(7)  Plaintiff's Motion in Limine No. 15 (#117) is DENIED.

(8)  Plaintiff's Motion in Limine No. 16 (#118) is DENIED.

(9)  Plaintiff's Motion in Limine No. 17 (#119) is DENIED.

(10)  Plaintiff's Motion in Limine No. 18 (#128) is GRANTED in part and DENIED in part. Defendants have conceded that they will not elicit testimony regarding the interpretation of the x-ray films from retained expert witnesses.  However, this court will impose no limitations on the testimony of Dr. Brown regarding the review or interpretation of the x-ray films.

(11)  Plaintiff's Motion to Allow Supplemental Deposition of Patricia McNussen, M.D. (#136) is DENIED.

(12)  Plaintiff's Motion to Strike the Purported Disclosure of Opinions Attributed to John J. Corbett, M.D. (#137) is DENIED.

ENTERED this 24th day of February, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE